REQUESTED BY: Kenneth W. Payne Box Butte County Attorney
Is it legal to sell or give away, as part of a business promotion, Nebraska lottery tickets outside of the county, city or village where the lottery is established?
Is it legal to sell or give away, as part of of a business promotion, is Nebraska, Colorado lottery tickets?
Yes.
Yes, it is legal to give them away, but not to sell them.
In regard to your first question, we have concluded that it is legal to sell or give away, regardless of whether the transaction is in relation to a business promotion, lottery tickets outside of the county, city of village where the lottery is established. This assumes, of course, that the lottery tickets are sold or given away within this state after having been authorized by a Nebraska county, city or village. We have reached this conclusion because an act is not criminal unless expressly made so by the Legislature, and a person cannot be punished for any act or omission which is not prohibited by the plain import of the law.State v. Suhr, 207 Neb. 553, 300 N.W.2d 25 (1980).
The Legislature has not placed any geographical limitations on the operation of lotteries which come within Neb.Rev.Stat. §§ 28-1114 through 28-1116 (Reissue 1979).
However, we call your attention to LB 259, Section 60, passed by the last session, signed by the Governor and to become effective August 26, 1983. This section limits the geographical areas in which authorized lotteries may operate.
An answer to your second question requires some review of the constitutional exception in Article III, Section 24
of the Nebraska Constitution relating to business promotions. That constitutional provision provides in part as follows:
 The Legislature shall not authorize any game of chance, nor any lottery, or gift enterprise where the consideration for a chance to participate involves the payment of money for the purchase of property, services, chance or admission ticket, or requires an expenditure of substantial effort or time; Provided, that it may authorize and regulate other lotteries, raffles, and gift enterprises which are intended solely as business promotions or the proceeds of which are to be used solely for charitable or community betterment purposes without profit to the promoter of such lotteries, raffles, or gift enterprises.
In 1956 the Supreme Court of Nebraska decided the case of State ex rel. Line v. Grant, 162 Neb. 210,75 N.W.2d 611 (1956). At that time the Constitution of the State of Nebraska, so far as applicable here, merely read, `The Legislature shall not authorize any game of chance, lottery or gift enterprise.'
The case before the Supreme Court involved a business promotion by a car dealer who had in his place of business a number of displays and exhibits relating to new cars and a number of new cars. Part of the promotion included two free drawings for prizes. Participation in the drawings required the participants to enter their names on registration cards at the car dealer's place of business which would then be placed in a box for a later drawing.
Registrants were not required to advance any money or make any purchase in order to register or to be present at the drawing in order to win. The Supreme Court, pointing out the three necessary elements of a lottery prize, chance, and consideration concluded that the only issue involved was whether or not there was consideration for participation in the lottery.
The court held that the benefit to the dealer of having persons visit his showrooms and the effort expended by the participants to go there and register was sufficient consideration to constitute the drawing, which already had the elements of prize and chance, an illegal lottery. Shortly thereafter the applicable section of the Nebraska Constitution was amended to include the language as it appears above.
In executing the authority granted to it by the above portion of Article III, Section 24 of the Nebraska Constitution, the Legislature enacted § 28-1114 (Reissue 1979) which provides:
 Any person engaged in a bona fide business, with an established place of business in this state or, in the case of a foreign corporation, with an established place of business in another state may, solely for the purpose of business promotion and not for profit to such person, conduct contests and lotteries in which prizes are offered and awarded to participants in such contests and lotteries when no fee is required for participation therein. Such contests and lotteries may require, as a condition of participation, evidence of purchase of a product or other property, but the price charged for such product or other property shall be no greater than it would be if no contest were involved.
As may readily be seen, said section was designed to obviate the problem presented in State ex rel. Line v.Grant, mentioned above, by removing the consideration problem for participation when no fee is actually charged, so long as the contest is solely for business promotion operated by a bona fide business.
If a bona fide business within an established place of business in the State of Nebraska, solely as a business promotion and not for profit, is giving away chances to participate in a drawing to be held in another state, the determination whether or not it is illegal turns on whether there is consideration paid for the chance to participate. If the elements mentioned in such statute are present, but the person being awarded the lottery ticket is required to pay a fee, other than evidence of purchase of a product where there is no increase in price, the business would be engaged in illegal activities including promoting gambling or possession of gambling devices. On the other hand, assuming again that all the elements of § 28-1114 are present and no fee is required other than therein stated, it would be an exception to the gambling laws and not illegal. We think it makes no difference whether the drawing to be held in another state is conducted by the State of Colorado or by a manufacturer of household or other products, nor do we think it makes any difference if the chances are distributed by a Nebraska business outlet or on a product box from out of state.
In the recent case of CONtact, Inc. v. State,212 Neb. 584, ___ N.W.2d ___ (1982), in construing the definition of a lottery in § 28-1101(6), a section which we consider more difficult of interpretation than § 28-1114 discussed above, The Nebraska Supreme Court stated as follows:
 The issue for determination is simply one of statutory construction. Generally, statutory language will be given its plain and ordinary meaning and a statute is open to construction only if it is ambiguous.
We see no ambiguity in the provisions of § 28-1114.
Very truly yours, PAUL L. DOUGLAS Attorney General Mel Kammerlohr Assistant Attorney General APPROVED:Paul L. Douglas
Attorney General